IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | : : : | 4:08-cv-324 |
| Plaintiff, | : : | Hon. John E. Jones III |
| v. | : : | |
| RONALD TALLMAN, individually and in his capacity as personal representative of the Estate of Robyn Tallman, deceased, | : : : : | |
| Defendants. | : | |

# MEMORANDUM

## March 10, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Pending before the Court are cross Motions for Summary Judgment filed by the Plaintiff Liberty Mutual Fire Insurance Company ("Liberty Mutual") (Doc. 15) and the Defendant Ronald Tallman ("Defendant" or "Tallman") (Doc. 12). The Motions have been fully briefed and are therefore ripe for our review.¹

**I.     STANDARD OF REVIEW**

Summary judgment is appropriate if the record establishes "that there is no

---

¹ This case was stayed pending the Pennsylvania Supreme Court's ruling in *Erie Ins. Exchange v. Baker*. *Erie* addressed the undirinsured motorist ("UIM") benefits "household exclusion," which is the central issue on the instant Motions. The Pennsylvania Supreme Court issued its Opinion on June 22, 2009, thus the instant matter is no longer stayed.

genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a

factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

## II. PROCEDURAL AND FACTUAL BACKGROUND

This declaratory judgment action arises out of a motor vehicle accident which occurred on October 3, 2004, in Stroudsburg, Pennsylvania. On that day, Defendant Tallman was injured and his wife, Robyn Tallman, was killed while riding on a 2002 Harley Davidson Motorcycle insured by Liberty Mutual.

Liberty Mutual issued an automobile policy to Defendant designated as policy #A02-281-420514-803, which listed three covered automobiles. The policy

incorporated stacked UIM coverage with limits of $100,000.00 per person and $300,000.00 per accident (the "Automobile Policy"). Liberty issued a second policy to Defendant, designated as policy # A02-281-057966, which listed three covered motorcycles ("the Motorcycle Policy"). This policy also incorporated stacked UIM coverage with limits of $100,000.00 per person and $300,000.00 per accident. The motorcycle involved in the accident was insured under this policy.

The Automobile Policy contains a UIM Coverage endorsement which contains the following exclusion referred to as the "Household Exclusion."

    A.    We do not provide Underinsured Motorist coverage for "bodily injury" sustained:

        1.    While "occupying a motor vehicle owned by you or a "family member" not insured for Underinsured Motorist Coverage under this policy, nor to "bodily injury" from being hit by any such motor vehicle.

        2.    By a "family member":

            a.    Who owns an auto, while "occupying," or when struck by, any motor vehicle owned by you or any "family member" which is not insured for this coverage under this policy. This includes a trailer of any type used with

      that vehicle.

    b.  Who does not own an auto, while "occupying" or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

Essentially, the "Household Exclusion" in the Automobile Policy prevents an insured from recovering UIM benefits when the insured is operating a vehicle which is not listed on the Automobile Policy. Notwithstanding the Household Exclusion, Tallman seeks to recover UIM benefits from the Automobile Policy as a result of the accident.

## III. DISCUSSION

As noted above, this case was stayed pending the Pennsylvania Supreme Court's ruling in *Erie Ins. Exchange v. Baker*, which was to address the validity of the Household Exclusion in automobile insurance policies. Prior to the Supreme Court's ruling in *Erie*, Tallman asserted that the Household Exclusion was void as against public policy while Liberty Mutual maintained that the Household Exclusion was legal and enforceable, thereby preventing Tallman from collecting UIM benefits under the Automobile Policy.

  In *Erie,* the Plaintiff motor vehicle insurance carrier filed a declaratory

action against its insured seeking a declaration as to whether it was obligated to pay UIM coverage to its insured that was injured in an accident while operating a motorcycle that was insured by another insurer. Erie denied UIM coverage to its insured relying on its Household Exclusion. On appeal, the Pennsylvania Supreme Court concluded that the Household Exclusion was valid. In rendering this decision the Supreme Court noted that the Household Exclusion supports the legislatively stated public policy of reducing insurance costs. *See Erie*, 972 A.2d at 513-514.

After *Erie*, Tallman's assertion that the Household Exclusion is void as against public policy must be rejected. Accordingly, the Household Exclusion in the Automobile Policy prevents the Defendant from recovering UIM benefits for an accident that occurred while he was operating a motorcycle insured on a different policy and Plaintiff is not required to pay Tallman UIM benefits under the Automobile Policy related to the October 3, 2004 accident.

## IV. CONCLUSION

Thus, based on all of the foregoing, the Plaintiff's Motion shall be granted. An appropriate Order shall issue.